(No. 2059—

JOSEPH SCHULTZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

JOHN R. MCSWEENEY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This is a suit at law, filed by the claimant through his counsel, and alleges that on the 19th day of March, A. D. 1931, the State was operating a snow plow in a westerly direction on Ogden Avenue, a public highway in the County of Cook and State of Illinois, near the intersection of Wolf Road, and the claimant, while exercising due care and caution, was driving an automobile in an easterly direction on Ogden Avenue. It is charged that it became the duty of the State, through its agents, to so manage, operate, control, propel and drive its snow plow so as not to injure the claimant, but not withstanding that duty, the agents of the State carelessly drove the snow plow so as to throw a large amount of snow with great force and violence against the automobile driven by claimant, by means whereof the claimant was injured.

The declaration consists of two counts, both counts practically charging the same thing and asking damages in the sum of $5,000.00.

A motion to dismiss was filed by the Attorney General for the reason that the claimant seeks to recover from an injury alleged to have been caused by the negligence of the agent of the State in the operation of a snow plow, and the State is not liable for such injuries.

The declaration was filed on January 20, 1933.

*Braun* vs. *State*, 6 C. C. R. 104, provides as follows:

"The maintenance of a State highway is a governmental function which the State exercises through its officers and employees. If in the discharge of his duties, an employee is negligent and such negligence causes injury or damage to the person or property of another, the negligence is then an act of the employee and cannot be regarded as the act of the State."

It is stated in the case of *Bucholz, Admrx.* vs. *State*, 7 C. C. R. 241, as follows:

"In the construction and maintenance of the roads, the State acts in the governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. Such has been the settled decision of this court for many years."

The motion of the Attorney General to dismiss will, therefore, be sustained.